Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 50037 | **DATE** | 7/11/2001 |
| **CASE TITLE** | Pearson vs. Wagner et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendants Wagner and Stovall's motion for summary judgment;
Defendant SLANT's motion for summary judgment

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motions for summary judgment are granted and this case is hereby dismissed in its entirety.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| X | Notices mailed by judge's staff. also P.P. ✓ | | JUL 11 2001 |
| | Notified counsel by telephone. | | date docketed |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | |
| X | Mail AO 450 form. | | docketing deputy initials |
| X | Copy to judge/magistrate judge. | 2001 JUL 11 PM 3:17 | 7-11-01 |
| | | | date mailed notice |
| /LC6 | courtroom deputy's initials | FILED-WD | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

Document Number: 91

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiff, Patricia Pearson, has filed a five-count second-amended complaint against defendants, Robert Waggoner (incorrectly named "Robert Wagner") and Steven Stovall, who are both sued in their individual and official capacities, and the State Line Area Narcotics Team ("SLANT"). Pearson alleges claims of false arrest and false imprisonment under 42 U.S.C. § 1983 against all three defendants (Counts I - III, respectively) and under state law (Count IV), as well as a claim of "gross negligence" against all defendants (Count VI[1]). Jurisdiction and venue are proper under 28 U.S.C. §§ 1331, 1367(a), 1391(b). Before the court are Waggoner and Stovall's motion for summary judgment as to Counts I, II, IV, and VI, and SLANT's motion for summary judgment on Counts III, IV, and VI, filed pursuant to Federal Rule of Civil Procedure 56.

In this case of mistaken identity, the facts are brief and not in dispute.[2] SLANT, which is a multi-jurisdictional drug task force, received a tip from a confidential informant that a person named Patricia Pearson was selling crack cocaine in Freeport, Illinois. SLANT officers Waggoner and Stovall set up a controlled buy, at which a woman who identified herself as "Pat Pearson" and living in Freeport sold Waggoner some narcotics inside Waggoner's car on the night of December 30, 1997. Afterwards Waggoner ran a search for the name "Patricia Pearson" through SLANT's computer database. The search came up with only one hit in Freeport: the plaintiff in this case. Stovall then filled out a complaint seeking an arrest warrant for Pearson, leading to her arrest and one-day detention. As it turned out, the person Waggoner and Stovall intended to arrest was a woman by the name of Patricia Garcia, who was using her maiden name, Patricia Pearson, as an alias.

The court finds none of the circumstances in this case give rise to a constitutional claim under § 1983. As for Waggoner and Stovall, the record contains no evidence that they had any reason to think Garcia was using the name "Patricia Pearson" as an alias or, even more generally, that they had knowledge Garcia was someone who frequently used various aliases. Cf. Powe v. City of Chicago, 664 F.2d 639, 647-48 (7th Cir. 1981). Moreover, SLANT's computer databases could not search for individuals by their aliases, so Waggoner and Stovall would have been unable to find Garcia with only her alias of "Patricia Pearson." That the mistake was reasonable becomes even more apparent given that Pearson and Garcia are both black females and Pearson is only six years younger than Garcia (Pearson would have been thirty-four on December 30, 1997, while Garcia would have been forty). Although Pearson is five inches taller than Garcia and about fifteen pounds heavier, neither officer got a good look at Garcia the night of the drug buy due to the time of night and lack of street lights. While Stovall provided surveillance from a distance and could not make out any of Garcia's physical characteristics other than her skin color, Waggoner, who actually bought the drugs from Garcia, saw her for less than a minute and was unable to determine with any specificity her age, weight, or height. In addition, the fact that Pearson's address did not match the address where Waggoner purchased the drugs from Garcia would not by itself have been a red flag that Pearson was the wrong person because, as Waggoner testified during his deposition, drug dealers often use false addresses. See Brown v. Patterson, 823 F.2d 167, 169 (7th Cir.), cert. denied, 484 U.S. 855 (1987). Given all of the facts known (and unknown) to Waggoner and Stovall at the time, the court finds they were reasonable in mistakenly identifying Patricia Pearson as the person to be arrested. Cf. id. (mistaken arrest of plaintiff with same name as an alias listed on a warrant for different person); Patton v. Przybylski, 822 F.2d 697, 700 (7th Cir. 1987) (plaintiff mistakenly arrested on warrant for different person with same name); Johnson v. Miller, 680 F.2d 39, 41 (7th Cir. 1982) (same). Alternatively, even assuming the officers did violate Pearson's constitutional rights, they would nevertheless be entitled to qualified immunity because Pearson has done nothing to show those rights were "clearly established" under the circumstances in this case. See Saucier v. Katz, 121 S. Ct. 2151, 2156-60 (2001).

As a task force formed pursuant to the Illinois Intergovernmental Cooperation Act, 5 ILCS 220/1 et seq., SLANT is liable under § 1983 just as any other local governmental entity. See Maltby v. Winston, 36 F.3d 548, 560 n.14 (7th Cir. 1994), cert. denied, 515 U.S. 1141 (1995). But because Pearson has failed to allege, let alone provide evidence of, any sort of "policy or custom" on SLANT's part, see Monell v. Department of Soc. Serv. of the City of New York, 436 U.S. 658, 694 (1978), the § 1983 claim against it is also dismissed.

Pearson's common law tort claims are nothing more than replicas of her federal claims. As such, Counts IV and VI against Waggoner and Stovall are dismissed for the same reasons discussed above, meaning that these claims against SLANT, which was Waggoner and Stovall's local public employer, also must be dismissed. See 745 ILCS 10/1-206, 2-109. In addition, just as Waggoner and Stovall are entitled to qualified immunity on Pearson's federal claims, they are likewise entitled to the immunity afforded employees of local public entities under Illinois law as to the state law claims. See Magdziak v. Byrd, 96 F.3d 1045, 1048 (7th Cir. 1996) (federal court must apply state rules of immunity to state law tort claims). This is so not only because the conduct Pearson complains of – preparing the information for obtaining an arrest warrant – is unique to the duties of a police officer and well within the exercise of an officer's discretion, see 745 ILCS 10/2-201; Snyder v. Curran Township, 657 N.E.2d 988, 993 (Ill. 1995), but also because the thrust of Pearson's claims, as set out more explicitly in Count VI, is that Waggoner and Stovall were merely negligent in performing these duties, not "wilful and wanton." See 745 ILCS 10/2-202.

For the reasons stated above, defendants' motions for summary judgment are granted and this case is hereby dismissed in its entirety.

---

[1] Pearson mislabeled the fifth count as Count VI.

[2] Because Pearson failed to respond to defendants' statements of material facts, those facts are deemed admitted for purposes of the summary judgment motions. See N.D. Ill. R. 56.1(b)(3)(B). The court also notes counsel for SLANT, in compliance with the court's order, sent Pearson a letter of admonition explaining to her the consequences of not responding to the summary judgment motions. The letter was apparently returned as undeliverable, although it was sent to the same address at which Pearson received previous correspondence from the court just a few months ago.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

**DOCKETED**

**JUL 11 2001**

Patricia Pearson

v.

Robert Waggoner, et al.

**JUDGMENT IN A CIVIL CASE**

Case Number: 99 C 50037

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendants' motions for summary judgment are granted and this case is hereby dismissed in its entirety.

All orders in this case are final and appealable.

FILED-WD
2001 JUL 11 PM 3:17
CLERK
U.S. DISTRICT COURT

Michael W. Dobbins, Clerk of Court

Date: 7/11/2001

Susan Wessman, Deputy Clerk